IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JOHN LEE THOMPSON | § § | CASE NO. 05-34099-H4-7 (CHAPTER 7) |
| DEBTOR | § | |

MEMORANDUM OPINION ON
THE DEBTOR'S MOTION FOR REHEARING OR FOR NEW TRIAL

I. INTRODUCTION

On September 25, 2006, John Lee Thompson (the Debtor) filed his Motion for Rehearing or for New Trial [Docket No. 254[1]], requesting relief from this Court's Order Approving Compromise and Settlement [Docket No. 248]. The Order Approving Compromise and Settlement was entered after an evidentiary hearing held on September 11 and 12, 2006 on the Motion to Compromise Controversy Under Rule 9019 with St. James Merchant Bankers, L.P. and SJMB L.L.C. (the Trustee's Motion to Compromise Controversy) filed by the Chapter 7 Trustee, Pamela Gale Johnson (the Trustee). [Docket No. 211.] In his Motion for Rehearing or for New Trial, the Debtor has not clearly established a manifest error of fact or law, nor has he offered any newly discovered evidence. Accordingly, this Court denies the Debtor's Motion for New Hearing or for New Trial. This Memorandum Opinion sets forth the reasons for this Court's denial of the Debtor's Motion for Rehearing or for New Trial.

---

[1]Unless another case number or adversary proceeding number is indicated, all docket references are to the above-referenced case, Case No. 05-34099.

The Court makes the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52 as incorporated into Federal Rule of Bankruptcy Procedure 7052. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. The Court reserves the right to make any additional findings and conclusions as may be necessary or as requested by any party.

## II. FINDINGS OF FACT

The facts, either as stipulated to or admitted by counsel of record, or as adduced from the testimony of the witnesses and the exhibits admitted during the hearing of September 11 and 12, 2006, on the Trustee's Motion to Compromise Controversy, in chronological order, are as follows:

1. On April 28, 2006, the Trustee commenced Adversary Proceeding No. 06-03360 by filing a Complaint, Application for Temporary Restraining Order and Preliminary Injunction against St. James Merchant Bankers, L.P. a/k/a SJMB, L.P. (SJMB, LP), seeking injunctive relief and alleging claims for an accounting and turnover, violation of the automatic stay, conversion, and unauthorized post-petition transfers in violation of 11 U.S.C. § 549. [Adversary Proceeding No. 06-03360, Docket No. 1.]

2. On May 8, 2006, the Trustee commenced Adversary Proceeding No. 06-03374 by filing a Complaint, Application for Temporary Restraining Order and Request for Preliminary Injunction against SJMB, L.L.C. a/k/a St. James Merchant Bankers, L.L.C. (SJMB, LLC), seeking injunctive relief and alleging a claim for an accounting and turnover. [Adversary Proceeding No. 06-03374, Docket No. 1.]

3. On August 16, 2006, the Trustee filed her Motion to Compromise Controversy in the above-referenced Chapter 7 case. [Docket No. 211.]

2

4. On September 5, 2006, the Debtor filed his Objection to the Trustee's Motion to Compromise Controversy. [Docket No. 228.]

5. The Debtor filed his Amended Objection to the Trustee's Motion to Compromise Controversy on September 10, 2006. [Docket No. 239.]

6. This Court held a hearing on the Trustee's Motion to Compromise Controversy beginning on September 11, 2006 and ending on September 12, 2006. [Sept. 11-12, 2006 Docket Entries.]

7. After considering the exhibits admitted, the testimony of the witnesses, and the arguments of counsel, the Court orally granted the Trustee's Motion to Compromise Controversy and recited its Findings of Fact and Conclusions of Law into the record. [Sept. 12, 2006 Docket Entry.]

8. The Court signed the Order Approving Compromise and Settlement on September 12, 2006. On September 13, 2006, the Order Approving Compromise and Settlement was entered on the docket. [Docket No. 248.] (Hereinafter, the settlement and compromise proposed by the Trustee in her Motion to Compromise Controversy and set forth in this Court's Order Approving Compromise and Settlement will be referred to as the Compromise and Settlement.)

9. Pursuant to the Order Approving Compromise and Settlement, the Court ordered SJMB, LLC to pay the settlement amount of $500,000.00 within 10 days of entry of the order. *Id.* In consideration for paying the settlement amount, SJMB, LLC purchased the bankruptcy estate's interest in SJMB, LLC and SJMB, LP free and clear of any liens, claims, and encumbrances. *Id.*

10. The Order Approving Compromise and Settlement further ordered the Trustee to take certain actions with regard to the settlement amount and the bankruptcy estate in this case and, within 10 days of entry of the Order Approving Compromise and Settlement, submit proposed orders dismissing with prejudice Adversary Proceeding No. 06-03360, *Pamela Gale Johnson, Chapter 7 Trustee v. St. James Merchant Bankers, L.P. a/k/a SJMB, L.P.* and Adversary Proceeding No. 06-03374, *Pamela Gale Johnson, Chapter 7 Trustee v. SJMB, L.L.C.* (collectively, the two adversary proceedings). *Id.*

11. On September 19, 2006, this Court signed Orders Dismissing and Closing Adversary Proceedings in the two adversary proceedings. [Adversary Proceeding No. 06-03360, Docket No. 24; Adversary Proceeding No. 06-03374, Docket No. 25.]

12. On September 22, 2006, the Trustee filed her Notice of Consummation of Compromise and Settlement, representing that the actions ordered in the Court's Order Approving Compromise and Settlement [Docket No. 248] had occurred and that the Compromise and Settlement approved by this Court had been consummated. [Docket No. 251.]

13. On September 25, 2006, the Debtor filed his Motion for Rehearing or for New Trial. [Docket No. 254.]

14. On September 26, 2006, the Trustee filed her Response and Objection to Debtor's Motion for Rehearing or for New Trial. [Docket No. 256.]

15. On September 27, 2006, the Debtor filed his Reply to Trustee's Response and Objection to Debtor's Motion for Rehearing or for New Trial. [Docket No. 257.]

## III. CONCLUSIONS OF LAW

A. **Jurisdiction and Venue**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A), or, in the alternative, § 157(b)(2)(B), or, in the alternative, § 157(b)(2)(O). Venue is proper pursuant to 28 U.S.C. § 1408.

B. **Motion for Rehearing or for New Trial**

Because the Debtor seeks a new trial or rehearing after entry of this Court's Order Approving Compromise and Settlement,[2] the Debtor's Motion for Rehearing or for New Trial is properly construed as a motion brought pursuant to Federal Rule of Bankruptcy Procedure (Bankruptcy Rule) 9023, which incorporates Federal Rule of Civil Procedure (Federal Rule) 59. FED. R. BANKR. P. 9023; *Strangel v. United States (In re Strangel)*, 68 F.3d 857, 859 n.1 (5th Cir. 1995); *Fellows v. Colonial Sav. and Loan Assoc. (In re Fellows)*, 19 F.3d 245, 246 (5th Cir. 1994); *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 875 (5th Cir. 1988).

As the Fifth Circuit has explained:

> Motions for new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments, which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.

*Pluet v. Frasier*, 355 F.3d 381, 384 n.2 (5th Cir. 2004) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Fifth Circuit has further stated that relief under Federal Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted). The Fifth Circuit has explained as follows:

---

[2]The Debtor does not specify the rule under which he brings his Motion for Rehearing or for New Trial.

5

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.

*Id.* at 478-79 (citations and internal quotations omitted).

Additionally, a court has discretion to grant a new trial pursuant to Federal Rule 59(e) "to prevent an injustice." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (quoting *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993) (quoting *Delta Eng'g Corp. v. Scott*, 332 F.2d 11, 15-16 (5th Cir. 1963)) Further, "[a] clear abuse of that discretion or some extraordinary legal situation must be demonstrated to obtain relief from such action." *Delta Eng'g*, 332 F.2d at 16.

As set forth more fully below, the Debtor has not clearly established that there has been a manifest error of fact or law, nor does he assert that there is any newly discovered evidence. Rather, the Debtor's Motion for Rehearing or for New Trial does nothing more than improperly "rehash[]" evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. Accordingly, this Court denies the Debtor's Motion for Rehearing or for New Trial.

### C.     Bankruptcy Rule 6004(g)

The Debtor's first argument in support of his Motion for Rehearing or for New Trial is that the Compromise and Settlement was consummated in violation of Bankruptcy Rule 6004(g).[3]

---

[3]Bankruptcy Rule 6004(g) has been recodified as Bankruptcy Rule 6004(h) in the Interim Rules. The Bankruptcy Court for the Southern District of Texas adopted the Interim Rules as applicable to cases and proceedings governed by the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), effective October 17, 2005. General Order No. 2005-6; http://www.txs.uscourts.gov/bankruptcy/rules/formsproc/national_rules.pdf. As the above-referenced case was commenced on March 21, 2005, before the effective date of BAPCPA, the Interim Rules do not apply to this case. *Id.* (ordering: "For cases and proceedings not governed by [BAPCPA], the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, other than the Interim Rules, shall apply.") This Memorandum Opinion will therefore refer to Bankruptcy Rule 6004(g) instead of Interim Rule 6004(h).

[Docket No. 254, ¶¶ 3-5.] Bankruptcy Rule 6004(g) provides: "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, *unless the court orders otherwise.*" (emphasis added). The Debtor argues that the Compromise and Settlement was consummated in violation of Bankruptcy Rule 6004(g) because: (1) the Trustee, SJMB, LLC, and SJMB, LP consummated the Compromise and Settlement within 10 days, as ordered by the Order Approving Compromise and Settlement; and (2) neither the Trustee, SJMB, LLC, nor SJMB, LP requested that the 10-day automatic stay provided by Bankruptcy 6004(g) be waived. [Docket. No. 254, ¶¶ 4, 5.]

The Debtor cites *In re Quanalyze*, 250 B.R. 83, 89 (Bankr. W.D. Tex. 2000), as his only authority for his argument under Bankruptcy Rule 6004(g). As the Trustee notes, *Quanalyze* did not involve approval of a compromise and settlement under Bankruptcy Rule 9019. Rather, *Quanalyze* involved an order authorizing the sale of certain property of the estate. *Quanalyze*, 250 B.R. at 85. The Debtor does not cite any authority for his proposition that Bankruptcy Rule 6004(g) applies to an order approving compromise and settlement pursuant to Bankruptcy Rule 9019, and this Court has found none.

Furthermore, the Debtor's Bankruptcy Rule 6004(g) argument is improper for purposes of granting a motion for rehearing or new trial. The Debtor has not clearly established either manifest error of fact or law, nor has he presented newly discovered evidence. *Pluet*, 355 F.3d at 384 n.2. Rather, by raising this Bankruptcy Rule 6004(g) argument in his Motion for Rehearing or for New Trial, the Debtor improperly raises a new legal theory, which could have been raised before entry of the Order Approving Compromise and Settlement.[4] *Id.* Accordingly, the Court will not grant the

---

[4] At the hearing, after this Court announced its ruling from the bench, counsel for the Debtor was given the opportunity to review the order which counsel for the Trustee proposed to submit to the Court. This order, which the Court did in fact sign, expressly ordered that "[w]ithin 10 days of the entry date of this ORDER, SJMB, L.L.C. will pay the amount of $500,000 (the "Settlement Amount") to the Trustee on behalf of the bankruptcy estate of John Lee

Debtor the "extraordinary remedy" of rehearing or a new trial. *Templet*, 367 F.3d at 479 (citations omitted).

Even if the Debtor's argument did warrant rehearing or new trial, the Debtor's Bankruptcy Rule 6004(g) argument still fails on the merits for two reasons. First, the Compromise and Settlement has been consummated. Second, even if Bankruptcy Rule 6004(g) applied to a Bankruptcy Rule 9019 compromise and settlement, this Court has "ordered otherwise" as permitted under Bankruptcy Rule 6004(g) when it ordered that the transactions occur within 10 days.

The Debtor argues that the fact that the Compromise and Settlement occurred in the 10-day stay period provided by Bankruptcy Rule 6004(g) destroyed his right to appeal. [Docket No. 254, ¶ 5.] As the Debtor acknowledges, filing a motion to stay pending appeal would be futile because the Compromise and Settlement has already been consummated; therefore, there is nothing to stay. *See Nationwide Mut. Ins. Co. v. Berryman Prods., Inc. (In re Berryman Prods., Inc.)*, 159 F.3d 941, 944-45 (5th Cir. 1998); *Manges v. Seattle-First Nat'l Bank (In re Manges)*, 29 F.3d 1034, 1038-40 (5th Cir. 1994); [Docket No. 254, ¶ 5].

Second, as already noted in footnote four, the Court specified that the events set forth in the Order Approving Compromise and Settlement occur within 10 days of the entry of the Order. [Docket No. 248.] The Debtor's Bankruptcy Rule 6004(g) argument completely ignores that part of the rule that provides: "unless the court orders otherwise."[5] In this Court's findings of fact and

---

Thompson, pursuant to the procedure in paragraph 3 below." [Docket No. 248.] This language is unambiguous: the Compromise and Settlement was ordered to be effectuated within 10 days following entry of the order on the docket, not within 10 days following the expiration of 10 days after entry of the order on the docket. Counsel for the Debtor did not object to this language.

[5]Additionally, the Advisory Committee Note (1999) to Bankruptcy Rule 6004(g) states as follows:

The court may, in its discretion, order that Rule 6004(g) is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court.

8

conclusions of law announced at the close of evidence on the Trustee's Motion to Compromise Controversy, the Court emphasized that time was of the essence in approving the Trustee's Motion to Compromise Controversy. [Docket No. 272, p. 259:19-20.] The Court noted that the Trustee had to file the two adversary proceedings against SJMB, LP and SJMB, LLC to stop post-petition distributions. [Docket No. 272, p. 252: 22-25; Findings of Fact 1, 2.] The Court further noted that if the Compromise and Settlement were delayed any further, then SJMB, LLC would very likely vote a sizeable bonus to James Harrison (Harrison),[6] thereby depleting the funds available to the Trustee under the Compromise and Settlement. [Docket No. 272, pp. 256:25, 257:1-5, 259:19-24.] The Court accordingly ordered that the steps set forth in the Compromise and Settlement occur within 10 days after entry of the order on the docket. *Id.* Accordingly, to the extent that Bankruptcy Rule 6004(g) applies to this dispute, the Court "ordered otherwise" as allowed under the rule.

Additionally, the bankruptcy court in *Quanalyze* determined that the 10-day stay provided under Bankruptcy Rule 6004(g) stayed the sale order at issue. *Quanalyze*, 250 B.R. at 87-89. However, the *Quanalyze* court denied the movant's motion to reconsider the sale on the merits and further stated:

> Rule 6004(g) does provide that a court may in its discretion shorten or even eliminate the ten day stay. Given that the sale in this case has already been consummated, and further given this court's disinclination to entertain reconsideration of the order that approved that sale, the right thing to do in this case is to terminate the stay. That is what shall be done here.

*Id.* at 89-93. Likewise, in this dispute, the Compromise and Settlement has already been consummated, and the Debtor does not raise an argument or evidence sufficient to grant his Motion for Rehearing or for New Trial. To the extent that Bankruptcy Rule 6004(g) applies to the Order

---

[6] Harrison testified that he is the Chief Financial Officer, Vice President, and assistant secretary of SJMB, LLC. [Docket No. 272, p. 161:5-6.] Harrison further testified that he is a manager of SJMB, LLC, but he is not a member of SJMB, LLC. [Docket No. 272, p. 161:7-8.]

9

Approving Compromise and Settlement pursuant to Bankruptcy Rule 9019, this Court has "ordered otherwise" and eliminated the 10-day stay.

### D. Evaluation of the Trustee's Motion to Compromise Controversy

The remainder of the Debtor's Motion for Rehearing or for New Trial and his Reply does little more than improperly rehash evidence, legal theories, or arguments that could have been offered before entry of the Order Approving Compromise and Settlement. *Templet*, 367 F.3d at 479. The Debtor argues he is entitled to rehearing or a new trial because "[t]he manifest error here is that the record is absolutely devoid of facts which would have permitted this Court to measure the terms of the compromise with the likely rewards of litigation." [Docket No. 257, ¶ 2.] In addition to being an improper basis for granting rehearing or new trial, the Debtor's assertion misstates the Court's findings of fact and conclusions of law regarding the Order Approving Compromise and Settlement.

In its oral findings of fact and conclusions of law, the Court applied the framework set forth in *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980), which states as follows:

> To assure a proper compromise the bankruptcy judge, must be apprised of all the necessary facts for an intelligent, objective and educated evaluation. He must compare the "terms of the compromise with the likely rewards of litigation." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson* ("TMT Trailer"), 390 U.S. 414, 425, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1, 10 (1968). He must evaluate and set forth in a comprehensible fashion:
>
>> (1) The probability of success in the litigation, with due consideration for the uncertainty in fact and law,
>> (2) The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
>> (3) All other factors bearing on the wisdom of the compromise.
>
> [*TMT Trailer*] at 424-25, 88 S. Ct. at 1163, 20 L. Ed. 2d at 9-10.

*Jackson Brewing*, 624 F.2d at 602 (additional citations omitted).

The Debtor cites *Connecticut General Life Ins. Corp. v. United Companies Financial Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995), for the rule: "The judge must compare the terms of the compromise with the likely rewards of the litigation." (internal quotation marks and citation omitted). [Docket No. 257, ¶ 2.] Specifically, the Debtor claims he is entitled to rehearing or a new trial on the following bases: (1) there was no evidence of the likely rewards of litigation; (2) the difference between the amount paid to the estate pursuant to the terms of the Compromise and Settlement and the likely rewards of litigation do not justify the Compromise and Settlement; (3) as a matter of law, the contribution and indemnity claims against the bankruptcy estate are disallowable; and (4) the Trustee's inability to vote the SJMB, LLC interests could be remedied if the Trustee abandoned the interests and allowed the Debtor to vote the interests. [Docket No. 254, ¶¶ 3, 10; 257, ¶ 2.] The Court addressed all of these matters at length in its oral findings of fact and conclusions of law. [Docket No. 272, pp. 250-274.] For the reasons set forth below, none of these arguments merit a rehearing or new trial.

1. **Likely Rewards of the Litigation**

The Court found that there was not sufficient evidence as to the likely rewards of litigation, primarily because the Trustee was not asked how much she thought she might obtain if she went forward with the two adversary proceedings.[7] [Docket No. 272, pp. 260-61.] The Court did, however, find that there was sufficient evidence to demonstrate a more compelling standard than the likely rewards of the litigation: the best case scenario if the Trustee were to go forward with the two adversary proceedings. [Docket No. 272, pp. 260-65.]

---

[7] The Court notes that counsel for the Debtor had a full opportunity to cross-examine all of the witnesses, including the Trustee; to inspect, object to, and admit exhibits; and to present his own evidence. [Docket Nos. 270-72.]

### 2. The Best Case Scenario as Compared to the Terms of the Compromise and Settlement

From the evidence offered at the hearing on the Trustee's Motion to Compromise Controversy, the Court calculated the best case scenario, compared this calculation with the terms of the Compromise and Settlement, and determined that it was proper—pursuant to the applicable law—to approve the Compromise and Settlement. [Docket No. 272, pp. 258-62.] The Court based its findings on its calculations, which demonstrated that the consideration to be received by the Trustee under the Compromise and Settlement was 74 % of what the Trustee could obtain at trial in the two adversary proceedings under the best case scenario. [Docket No. 272, pp. 263-64.] Having made this determination, it necessarily follows that the consideration to be received by the Trustee is more than 74 % of what the Trustee would likely receive at trial.[8] When this analysis was incorporated into the framework that the Fifth Circuit set forth in *Jackson Brewing*, 624 F.2d at 602, the Court concluded that it was proper to approve the Compromise and Settlement. [Docket No. 272, pp. 251-64.]

### 3. The Contribution and Indemnity Claims

The Debtor emphasizes that the contribution and indemnity claims are disallowable as a matter of law. [Docket No. 254, ¶¶ 7-8.] The Trustee testified that pursuant to the terms of the Compromise and Settlement, the claims of Charles E. Underbrink (Underbrink)[9] and SJMB, LLC against the bankruptcy estate would be withdrawn. [Docket No. 270, pp. 122-24; *see* Docket Nos. 218, 225, 248.] While these claims would be withdrawn as to the bankruptcy estate, any claims

---

[8] The phrase "likely rewards of litigation" necessarily means taking into account all of the risks of litigation and also necessarily assumes not a "best case" scenario, but rather a scenario that is less than the "best case." Thus, a "likely" scenario necessarily means an amount less than the "best case" scenario. This figure is the denominator in the *Jackson Brewing* analysis, and the amount to be received under the Compromise and Settlement is the numerator. The lower the denominator, the higher the percentage is as to what the Trustee will receive under the Compromise and Settlement.

[9] The lawsuit alleges that Underbrink, along with the Debtor and Harrison, are "management" of St. James Capital Corp. and SJMB, LLC. [Claim No. 6.]

12

Underbrink and SJMB, LLC might have against the Debtor, individually, would remain unaffected. *Id.* In closing argument at the hearing on the Trustee's Motion to Compromise Controversy, the Debtor's counsel repeatedly stated that if SJMB, LLC and SJMB, LP believed that the contribution and indemnity claim were "such a big deal," then they would not have agreed to settle the dispute and withdraw the claims. [Docket No. 272, 239-43.]

In this case, Underbrink had filed a proof of claim, citing "CONTRIBUTION/JOINT TORTFEASOR" as the basis of his claim. [Claim No. 6] Additionally, SJMB, LLC had filed a proof of claim, citing "contribution and indemnity" as the basis of its claim. [Claim No. 28.] To support their proofs of claim, SJMB, LLC and Underbrink attached copies of pleadings from a lawsuit pending in Harris County District Court.[10] [Claim Nos. 6, 28.]

The Debtor now claims that "[i]t is troubling that [the Trustee, SJMB, LLC, and SJMB, LP] failed to advised [sic] the Court that the contribution and indemnity claim of [SJMB, LLC and SJMB, LP] was subject to 11 U.S.C. § 502(e)(1)(B) . . . ." [Docket No. 254, ¶ 8.] 11 U.S.C. § 502(e)(1)(B) provides:

> (e)(1) . . . the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that--
>
> . . . .

---

[10]Attached to Underbrink's Proof of Claim is the Plaintiffs' First Amended Petition and Answer in the lawsuit styled Cause No. 2004-70333, *Marc Werner and Eugine S. Crist v. KPMG LLP, St. James Capital Corp., SJMB, L.L.C. d/b/a St. James Merchant Bankers L.L.C., and Charles E. Underbrink*, in the 129th District Court of Harris County, Texas, and bears the clerk's file stamp dated March 7, 2005. [Claim No. 6.] This lawsuit states that it is a class action and seeks damages, punitive damages, and attorney's fees, alleging the following causes of action: fraud, negligence, breach of fiduciary duty, conspiracy, ratification, aiding and abetting, and securities fraud. [Claim No. 6.] Additionally, attached to SJMB, LLC's proof of claim is a lawsuit bearing the same Cause No.—2004-70333—styled as follows: *Marc Werner and Eugine Crist, Plaintiffs/Counter-Defendants, v. KPMG L.L.P., St. James Capital Corp., SJMB, L.L.C. d/b/a St. James Merchant Bankers L.L.C.; St. James Capital Partners, L.P.; St. James Merchant Bankers, L.P.; and Charles E. Underbrink, Third-Party Defendants/Counter-Plaintiffs/Third-Party Plaintiffs/Cross-Plaintiffs, v. John Thompson, Cross-Defendant, and David J. Doerge, individually; Balis, Lewittes & Coleman, Inc. d/b/a Doerge Capital Management; and Doerge Capital, L.L.C.*, in the 129th District Court of Harris County, Texas. [Claim No. 28, Ex. A.] This attachment to SJMB, LLC's proof of claim indicates a service date of January 31, 2005 and is titled Third-Party Defendants' Answer, Cross-Claims, Counterclaims and Third-Party Petition Against Responsible Third Parties, David J. Doerge Individually, Doerge Capital, L.L.C., and Balis, Lewittes & Coleman. [Claim No. 28, Ex. A.]

13

>   (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution.

In response, the Trustee acknowledges 11 U.S.C. § 502(e)(1)(B), but notes that 11 U.S.C. § 502(j) and Bankruptcy Rule 3008 allow for reconsideration of claims at any time before the close of a case. [Docket No. 256, ¶ 12.] The Trustee further notes: "Based on the available evidence of the Debtor's past business practices, it would be imprudent for the Trustee to conclude that no claim exists. It would be equally imprudent to believe that once such a claim were paid by the SJMB Entities, the Court would not reconsider the disallowance under § 502(e)(1)(B)." [Docket No. 256, ¶ 12.]

This Court did consider the contribution claims when ruling on the Trustee's Motion to Compromise Controversy. [Docket No. 272, pp. 263-64.] The Court found that it was unclear as to the amount of the contribution claims because the parties are still litigating the underlying lawsuit in state court. [Docket No. 272, p. 263.] However, the Court did find that the law allows for a contribution claim pursuant to § 33.016 of the Texas Civil Practice and Remedies Code. [Docket No. 272, p. 263:15-18.] Additionally, § 502(e)(1)(B) "does not bar contribution and indemnity claims merely because they are contingent; contingent claims might still have a 'conceivable effect'" on this bankruptcy. *Newby v. Enron Corp. (In re Enron Corp Sec., Derivative, and ERISA Lit.)*, 314 B.R. 354, 357-58 (S.D. Tex. 2004). Therefore, 11 U.S.C. § 502(e)(1)(B) did not necessarily operate to bar the contribution and indemnity claims of SJMB, LLC and Underbrink at the time that the parties were negotiating the Compromise and Settlement.

Moreover, the Court's primary focus was not on whether the contribution and indemnity claims themselves constituted sufficient consideration in the Compromise and Settlement. Rather, this Court's primary concern in evaluating the Compromise and Settlement was that a combination

14

of expenditures—including the sizeable bonus that SJMB, LLC would very likely pay to Harrison, and the litigation proceeding in state court against SJMB, LLC and SJMB, LP—could render the estate's interest in SJMB, LLC worthless. [Docket No. 256, ¶ 10; Docket No. 270, pp. 24-138.] It was for this reason that the Court found that time was of the essence in approving the Compromise and Settlement so that the estate would not have to suffer the consequences of its interest in SJMB, LLC becoming worthless. [Docket No. 272, p. 259.]

### 4. Abandonment of the Estate's Interest in SJMB, LLC

The Debtor further asserts that the Trustee could have "easily abandoned" the estate's interest in SJMB, LLC and allowed the Debtor to vote the interest in SJMB, LLC.[11] [Docket No. 254, ¶ 9.] In its findings of fact and conclusions of law, the Court applied *Milford Power Co., L.L.C. v. P.C. Milford Power, L.L.C.*, 866 A.2d 738 (Del. Super. Ct. 2004). [Docket No. 272, p. 256.] In so doing, the Court found that the Trustee could not stand in the Debtor's shoes and vote the estate's rights in SJMB, LLC in SJMB, LLC's elections regarding expenditures, including the imminent vote to determine whether to award a sizeable bonus to Harrison. [Docket No. 272, 256-59.] The evidence showed that SJMB, LLC would likely vote to award the bonus, thereby depleting or eliminating the estate's interest in SJMB, LLC, and the Trustee would be unable to stop it. [Docket No. 272, p. 258.] The Court accordingly found that time was of the essence in approving the Compromise and Settlement, which provided, among other things, that: (1) SJMB, LLC pay $500,000.00 to the estate; and (2) upon receipt of the $500,000.00, the Trustee would transfer all of the estate's member interests in SJMB, LLC to SJMB, LLC. [Docket No. 272, p. 259.]

---

[11] The Trustee believes that the estate's interest has value (that is not inconsequential) to the Chapter 7 estate. The Trustee would therefore be violating her fiduciary duties to the estate if she abandoned this interest to the Debtor. Even if she could somehow do so such that the abandonment would only be an abandonment of the right to vote, the Trustee would be violating her fiduciary duty given the lack of faith that the Trustee has in the Debtor's honesty and integrity (as reflected in previous pleadings filed and hearings held in this Court).

As the Trustee observes, 11 U.S.C. § 554(a) provides: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." There was no evidence in the record that the estate's interest was burdensome or of inconsequential value to the estate. Rather, the evidence tended to show that the estate's interest in SJMB, LLC served as a key bargaining point in the negotiation of the Compromise and Settlement. While the Debtor did not raise this abandonment argument at the hearing, he could have. Such an argument is an improper basis for a motion for rehearing or new trial. *Templet*, 367 F.3d at 478-79. Accordingly, this Court will not grant the Debtor's Motion for Rehearing or for New Trial on this ground.

## IV. CONCLUSION

The Debtor's Motion for Rehearing or for New Trial and his Reply to the Trustee's Response thereto do nothing more than improperly rehash evidence, legal theories, and arguments that were, or could have been, raised at the hearing on the Trustee's Motion to Compromise Controversy. *See Templet*, 367 F.3d at 478-79. The Debtor has not clearly established a manifest error of fact or law, nor has he presented any newly discovered evidence. *Pluet*, 355 F.3d at 384 n.2. The Court considered all of the evidence upon which the Debtor bases his Motion for Rehearing or for New Trial. In sum, the Debtor merely disagrees with the outcome of the Trustee's Motion to Compromise Controversy and has established none of the grounds for granting a rehearing or a new trial. *See Coliseum Square Ass'n, Inc. v. Jackson*, Nos. 03-30875, 04-30522, 2006 WL 2664455 at *24 (5th Cir. Sept. 18, 2006) (holding that the district court did not abuse its discretion in denying Federal Rule 59 motion challenging summary judgment based on governmental agency's environmental assessment and stating: "While the plaintiffs may disagree with the outcome, [the governmental agency's] assessment considered the issues raised, and included at least some of the information [sic]

16

evidence plaintiffs urge was completely ignored."). For all of these reasons, this Court denies the Debtor's Motion for Rehearing or for New Trial. An order denying the Debtor's Motion for Rehearing or for New Trial will be entered on the docket simultaneously with this Memorandum Opinion.

Signed on this 30th day of October, 2006.

_____
Jeff Bohm
United States Bankruptcy Judge